No. 6174.

D. B. PENN vs. W. H. FARRENBERG.

*In this attachment suit, the garnishee, an attorney-at-law, answered that he had a note for collection drawn in favor of David T. Farrenberg, but he could not say who is the true owner thereof. The curator ad hoc for the defendant, a resident of Missouri, moved to dissolve the attachment on the ground that no property had been attached. On the trial of this motion, the curator ad hoc excepted to the evidence to show that said note belonged to the defendant instead of D. T. Farrenberg. The judge a quo correctly admitted the evidence, as the motion presented the question whether or not property of the defendant had been attached. The proceeding was not to annul an illegal and fraudulent transfer of property, but to show that the property in question belonged to the debtor of the plaintiff.*

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough, J. E. H. Farrar* and *Steele, Clinton & Garrett,* for plaintiff and appellee. *L. V. Reeves,* curator *ad hoc,* for defendant and appellant.

HOWELL, J. This is an attachment suit against the defendant, alleged to be a resident of Missouri. Interrogatories are propounded to two garnishees, one of whom, an attorney-at-law, answered that he held a note for collection drawn by J. T. McGalliard in favor of D. T. Farrenberg, but he could not say who is the true owner thereof. The other, the maker of said note, answered negatively. The curator *ad hoc* moved to dissolve the attachment, on the grounds that no property had been attached and the bond was insufficient in amount. On the trial of this motion the curator *ad hoc* excepted to evidence to show that said note belonged to the defendant instead of D. T. Farrenberg, on the grounds:

First—That the answers of the garnishees had not been traversed according to law, and could not be contradicted.

Second—The ownership of the note could not be inquired into in this suit, to which D. T. Farrenberg was not a party; and,

Third—The necessary parties and allegations are not made to authorize the court to determine the question of ownership.

The court admitted the evidence, and, we think, correctly, to show that the note really belonged to the defendant, as the motion presented the

Penn vs. Farrenberg.

question whether or not property of the defendant had been attached. The proceeding was not to annul an illegal and fraudulent transfer of property, but to show that the property in question belonged to the debtor of plaintiff, and we agree with the judge *a quo* that the evidence establishes such ownership, and that the judgment was properly rendered both on the motion and on the merits.

Prescription is not sustained.

Judgment affirmed.